[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12822
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-04204-AT


ANDRE' T. CARTER,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
THE INTERNAL REVENUE SERVICE,
THE STATE OF GEORGIA DEPARTMENT OF REVENUE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 23, 2013)

Before MARCUS, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Andre T. Carter appeals pro se the dismissal of his complaint against the United States, the Internal Revenue Service, and the Georgia Department of Revenue.  Carter sought a refund of income taxes collected by the Service and the Department and to enjoin them from enforcing tax levies.  The district court dismissed Carter's complaint for lack of subject matter jurisdiction based on federal and state sovereign immunity, the Anti-Injunction Act, the Tax Injunction Act, and principles of comity.  We affirm.

The district court lacked subject matter jurisdiction over Carter's complaint. Neither the United States nor its agency, the Service, may be sued absent a waiver of sovereign immunity.  See FDIC v. Meyer, 510 U.S. 471, 475, 114 S. Ct. 996, 1000 (1994).  Although the United States has consented to be sued for a refund of income taxes imposed erroneously, see 28 U.S.C. § 1346(a), Carter could not avail himself of that limited waiver because he had not paid his tax deficiency or filed an administrative claim for a refund with the Secretary of the Treasury, see 26 U.S.C. § 7422(a).  And Carter could not avail himself of the statutory or judicially-created exceptions to the prohibition in the Anti-Injunction Act against taxpayer "suit[s] for the purpose of restraining the assessment or collection of any tax." id.§ 7421(a).  Carter could not proceed under the statutory exception to the Act because he failed to request a due process hearing after receiving the notice of levy, see id. § 6330(e)(1), and he could not proceed under the judicial exception

2

because he had an adequate remedy at law available in an action for a refund, see Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 6, 82 S. Ct. 1125, 1129 (1962).  Carter also could not proceed against the Department, an arm of the state of Georgia, because it enjoys sovereign immunity, under the Eleventh Amendment. See Regents of the Univ. of Calif. v. Doe, 519 U.S. 425, 429, 117 S. Ct. 900, 903 (1997).

We **AFFIRM** the dismissal of Carter's complaint.